**The below described is SIGNED.**



**Dated: March 25, 2013**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>Sharalyn Gray Edwards,<br><br>         Debtor. | Bankruptcy Number: 12-29524 WTT<br><br>Chapter 13<br><br>Chief Judge William T. Thurman |

**MEMORANDUM DECISION DENYING CREDITOR'S OBJECTION TO DEBTOR'S
CHAPTER 13 PLAN**

The confirmation hearing for Debtor Sharalyn Gray Edwards's Chapter 13 Plan came

before the Court on February 15, 2013. The hearing was conducted at the courthouse for the Fifth

District Court of the State of Utah, 206 West Tabernacle, St. George, UT, with a video

conference connection to the Frank E. Moss Courthouse in Salt Lake City. Leasa Tripp appeared

on behalf of the Debtor, Tami Gadd-Willardson on behalf of the Chapter 13 Trustee ("Trustee"),

and Matthew Cox on behalf of creditor TD Auto Finance LLC ("TD Auto").

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Venue is appropriate under 28 U.S.C. § 1408(1). Notice of the hearing was properly given.

At the confirmation hearing, the Trustee informed the Court that the only remaining objection to confirmation was that filed by TD Auto. TD Auto is a secured creditor holding a purchase money security interest in Debtor's 2007 Jeep Grand Cherokee. In its Objection to Confirmation and Proof of Claim, TD Auto values the Jeep at $19,625 and lists its claim as $8.423.64.[1] As an asserted oversecured creditor, TD Auto argues that, pursuant to 11 U.S.C. § 506(b),[2] it is entitled to the rate of interest specified in the Vehicle Contract and Security Agreement signed by the Debtor. The Debtor's Amended Chapter 13 Plan proposes to pay TD Auto the contract rate of interest from the petition date through the confirmation date, but reduces that rate after confirmation to the prime-plus interest rate specified by the Supreme Court in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004) ("*Till* rate").[3] TD Auto objected to this treatment under the Amended Plan, arguing that it should be paid the contract rate both pre- and postconfirmation.

---

[1]The Debtor has provided different figures for the Jeep's value and the amount of the debt. In her Amended Schedules B and D, filed on December 14, 2012 (Docket #30), the Debtor values the Jeep at $15,750 and lists the debt at $8,631. By contrast, in her Amended Plan, filed on January 21, 2013 (Docket #35), she values the Jeep at $8,432.64 and lists the debt at $8,423.64. Moreover, TD Auto's claim is placed in paragraph 6(a) of the Plan, requesting that the Court value the Jeep at the Debtor's proffered value.

[2]All subsequent statutory references are to Title 11 of the United States Code, unless otherwise noted.

[3]The contract rate of interest is 8.9%. The *Till* rate is 4.75%, consisting of the national prime rate of 3.25% plus a 150 basis point risk adjustment.

Before resolving this issue, the Court must first address the characterization of the collateral securing the debt. While not touching on the issue in its Objection, at the confirmation hearing TD Auto labeled the Jeep as a 910 vehicle.[4] Debtor's counsel did not object to this characterization, although the Debtor's Amended Plan does not list the debt on the Jeep among those debts that are not subject to cramdown. From its review of the record, however, the Court notes that the Debtor signed the Vehicle Contract and Security Agreement on September 4, 2008. The present case was begun in 2012. Because the evidence on file with the Court indicates the Debtor incurred the debt on the Jeep beyond the 910 day period, the Jeep cannot be considered a 910 vehicle.

Even though TD Auto does not hold a 910-claim, § 506(b) permits an oversecured creditor to collect post-petition interest as part of its allowed claim. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). But the application of § 506(b) is limited to the interstitial time period lying between the filing of the bankruptcy petition and the effective date of the plan. *Rake v. Wade*, 508 U.S. 464, 468 (1993), *superceded on other grounds by statute*, Bankruptcy Reform Act of 1994, Pub. L. No. 103–394, § 305, 108 Stat. 4106 (1994). This rule has been reinforced by subsequent decisions at the circuit level: "Every circuit that has discussed the temporal aspect of Section 506(b) relies on the Supreme Court's statement in *Rake* that Section 506(b) applies only from the date of filing through confirmation." *In re Garner*, 663 F.3d 1218, 1220 (11th Cir. 2011) (collecting cases).

---

[4]Under the "hanging paragraph" that follows § 1325(a)(9), a 910 vehicle is (1) a vehicle purchased within 910 days of the date of petition; (2) acquired for the debtor's personal use; (3) that meets the definition of a motor vehicle in section 30102 of title 49; and (4) in which the creditor providing the financing for the acquisition has a purchase money security interest.

After confirmation, the appropriate *Till* rate governs. *See, e.g.*, *Garner*, 663 F.3d at 1220-21; *In re Milham*, 141 F.3d 420, 423-25 (2d Cir. 1998); *In re Pike*, No. 03-16382, 2005 WL 3481502, at *2 (Bankr. D. Kan. Mar. 10, 2005).

Accordingly, it is hereby ORDERED:

1. TD Auto's Objection to Confirmation is **DENIED**; and it is further ORDERED:

2. Debtor's Amended Chapter 13 Plan may be confirmed and the Trustee may submit the appropriate order or, if other issues remain, the Trustee can bring them before the Court at a rescheduled confirmation hearing.

-------------------------------------------END OF DOCUMENT--------------------------------

4

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION DENYING CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN** will be effected through the Bankruptcy Noticing Center to the following parties.

Sharalyn G. Edwards
38 E. 200 S. #8
St. George, UT 84770
    *Debtor*

David T. Berry
Leasa M. Tripp
Berry & Tripp P.C.
5296 South Commerce Dr., Suite 200
Salt Lake City, UT 84107
    *Attorneys for Debtor*

Kim R. Wilson
P. Matthew Cox
Snow, Christensen & Martineau
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84145
    *Attorneys for TD Auto Finance LLC*

Kevin R. Anderson
Chapter 13 Trustee
Ken Garff Bldg
405 South Main, Suite 300
Salt Lake City, UT 84111